DANIEL J. BRODERICK, #89424
Federal Defender
LINDA C. HARTER, CA Bar #179741
Chief Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
BRYAN SCOTT BEAGLE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr. S 07-495 LKK |
| Plaintiff, | |
| v. | DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 USC §3583(e)(2); ORDER |
| BRYAN SCOTT BEAGLE, | |
| Defendant. | Judge: Hon. Lawrence K. Karlton |

**BACKGROUND**

Mr. Beagle pled guilty to 18 USC §1344, Bank Fraud, and 18 USC §1029(a)(2), Access Device Fraud, in 2008.  He was sentenced to 37 months in prison to be followed by 60 months of supervised release. Mr. Beagle owes approximately $85,000 in Restitution.  Mr. Beagle was released from custody at the end of last year and lives in Oregon with his family.  He is supervised by U.S. Probation in Eugene, Oregon although jurisdiction remains with this Court.

Mr. Beagle began looking for  work  immediately upon release. After a long job search he was finally offered a sales position with a Mazda dealership in Eugene.  He informed his probation officer of this job offer and she spoke with the General Manager of the dealership.

Unfortunately, however, her supervisor would not let her approve of this employment for Mr. Beagle.

The general manager, Mr. Fadi Habib, wrote a letter to probation explaining the process in place at the dealership that would alleviate any risk to their customers.  Essentially the customer enters their financial information into a computer terminal and that information is directly transmitted to the Sales Manager for credit approval.  The information would not flow through Mr. Beagle.

This information was given to US Probation here and in Eugene. The probation officer in Sacramento spoke with the supervisor in Eugene to urge him to approve this employment given the large restitution order and the procedures in place to protect the general public.  The probation officer would not, however, approve of this employment without a court order.[1]

**THE DEFENDANT'S REQUESTED MODIFICATION OF SUPERVISION**

18 USC § 3583(e) and Federal Criminal Rule of Procedure 32.1(c) allow this Court to modify conditions of supervision without a hearing where the modification is favorable to the defendant, the defendant waives hearing and if the government has received notice of the modification and had an opportunity to object.  This case meets those criteria.

Accordingly, the defendant hereby requests that his terms and conditions of supervised release be modified as to allow him to work as a "sales professional" at the Mazda Dealership in Eugene, Oregon. Furthermore, the defendant requests that this Court order Jurisdiction over this case to remain with the Eastern District of California.

---

[1] The probation officer assigned to the case is Cassandra Fox. Counsel undersigned has been communicating with Linda Alger as well.

Deft's Request to Modify Supervision    -2-

Defense counsel undersigned has contacted the U.S. Attorney on this case, Mr. Lapham.  *Mr. Lapham has no opposition to these two requests*.

Dated:  March 14, 2011

                                      Respectfully submitted,

                                      DANIEL J. BRODERICK
                                      Federal Defender


                                      /s/ Linda C. Harter
                                      LINDA C. HARTER
                                      Chief Assistant Federal Defender
                                      Attorney for Defendant
                                      BRYAN SCOTT BEAGLE


**ORDER**

Good cause appearing and pursuant to Criminal Rules of Criminal Procedure 32.1(c) and 18 USC §3583(e), the conditions of supervised release imposed in the above captioned case on June 26, 2008 are hereby modified to allow the defendant, Bryan Beagle, to work at a Mazda Dealership in Eugene, Oregon.  All other terms and conditions are to remain in full force and effect.

Furthermore, the Court orders that jurisdiction over this case shall remain in the Eastern District of California although supervision will continue to be done where the defendant resides in Oregon.

**IT IS SO ORDERED**.

March 16, 2011

                                      LAWRENCE K. KARLTON
                                      SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT